Mastín, J.
delivered the opinion of the court.
This is an attachment case. Judgment was, obtained against the de- [481] fendants for the sum of seven hundred and.twenty-eight dollars; and T. A. Bartlette, the garnishee, is appellant from a judgment rendered against him for this amount of defendants’ funds in his hands, in pursuance of -the 263d article of the Code of Practice, which provides that the refusal of a garnishee to answer interrogatories shall be taken as evidence of his having funds sufficient to- satisfy the plaintiffs’ demand, ■ and judgment shall be given against him for the whole amount thereof.
The garnishee in his answer to, the first interrogatory, admitted that he had received a sum of money on account of Paie, one of the defendants, whose attorney he was, but added that he had almost immediately paid it over according to his client’s instructions.’
The second interrogatory is in.these-words{ — “Before you received said money had not Paie left New Orleans? and has he .ever since been in the city to your knowledge 2 ■ If- you have paid it over; state-.when you paid it; and to whom did you pay it 2 ” ‘
This interrogatory the garnishee refuses to answer. He. contends that the -law does not authorize such interrogatories,-.nor.make,itincumbentupona garnishee to answer,such questions; and that .he .cannot answer, the-same without disolosing matters and' instructions confided to him in professional confidence.
The garnishee was required to state at what -time- he -paid the.-money.' The plaintiffs wished to ascertain this fact, in order to charge him, if the .payment was made after the service of the attachment. The precise time was *660 within his knowledge, necessarily and independently of any communication he might have received from his client. Admitting that there may he something in his objections to any other part of the interrogatory, ingenuity itself cannot suggest any objection to the disclosure of the time of paying over this money.
[482] We regret to see a member of the bar seeking to avoid the payment of a sum of money unjustly withheld by a barefaced resort to such shameful evasions under the pretence of a scrupulous regard for professional obligations. Judgment was therefore correctly given against the appellant for the entire amount of the plaintiffs’ claim; and they are further entitled to the ten per cent, damages which they claimed as for a frivolous appeal.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs and ten per cent, damages. ,